THE PEOPLE, ex rel. THE BUTCHERS' HIDE AND MELTING COMPANY, Appellant, v. THOMAS B. ASTEN et al., as Commissioners, etc., Respndents.

It is not a controlling fact in the assessment of the capital stock of a corporation that the whole capital was originally invested in real estate; it is the duty of the assessors to ascertain the present value of the stock, and from this to deduct "the assessed value of the real estate" (§ 3, chap. 456, Laws of 1867), and such other items as are specified.

While the indebtedness of the corporation is a proper subject for consideration in estimating the value of the stock, there is no authority for its deduction from the value after an estimate of the same has been made.

(Argued November 24, 1885; decided December 8, 1885.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 31, 1884, which affirmed the proceedings of the commissioners of taxes and assessments of the city of New York in assessing the capital stock of the relator for the purposes of taxation for the year 1884, which proceedings were brought up for review by *certiorari.*

The material facts are stated in the opinion.

· *Louis C. Waehner* for appellant.   The capital stock of every corporation liable to taxation, except such part as shall have been exempted by law, together with its surplus profits or reserved funds exceeding ten per cent of its capital, after deducting the assessed value of its real estate, and all shares of stock actually owned by such corporation, etc., shall be assessed at its actual value, and taxed as the other personal and real estate of the county.   (Laws of 1857, chap. 456, § 3; *People* v. *B'd of Assessors*, 39 N. Y. 81; *Oswego Starch Factory* v. *Dilloway,* 21 id. 449; *People* v. *Com'rs of Taxes*, 95 id. 554.)   For the purpose of taxing corporations under the statute, as amended in 1857, their stock is to be assessed at its actual value, whether above or below the nominal par.   (Laws of 1857, chap. 456, § 3; *Oswego Starch Factory* v. *Dilloway*, 21 N. Y. 449; *People* v. *B'd of Assessors*, 39 id. 81; *People* v. *Com'rs of Taxes*, 95 id. 554.)   The relator is entitled to have deducted from the assessed value of its capital stock, which, of course, means its market value, the amount actually paid by it for real estate, as distinguished from the assessed value of such real estate.   (*People* v. *B'd of Assessors*, 39 N. Y. 81.)

*D. J. Dean* for respondents.   The method of assessment adopted by the commissioners is in exact conformity to the

statute prescribing their duties.    (Laws of 1857, chap. 456;
*Oswego Starch Factory* v. *Dilloway*, 21 N. Y. 458.) The relators
were entitled to no greater reduction from their capital stock,
on account of investment in real estate, than the assessed
value of that real estate. (*People* v. *Tax Com'rs*, 95 N. Y.
560.)

MILLER, J. The relator's capital stock was fixed at the sum
of $200,000, and by the return of the company made to the
assessors it was shown that the whole of that amount was in-
vested in real estate.

It appears from the record that the commissioners arrived at
the amount of the capital stock to be taxed in the following
manner: they took from the whole of the capital stock,
$200,000, the sum of $100,000, the assessed value of the real
estate, and $36,500, the value of stocks held in other companies,
leaving a balance of $63,500 on which the assessment was
made.    It is also shown that the real estate was subject to a
mortgage of $80,000.

It is insisted by the relator that the commissioners of taxes
erred in two particulars, namely :

*First.* That the deduction for real estate should be the
amount paid therefor, viz., $200,000, instead of the assessed
value thereof, $100,000.

*Second.* That the commissioners should have deducted from
the value of the capital stock, as ascertained by them, the
further sum of $80,000, which the relators owe upon bond and
mortgage, which is a lien on their real estate.

The assessment was, no doubt, intended to have been made
in conformity with the provisions of section 3, chapter 456,
Laws of 1857, which are as follows : " The capital stock of
every corporation liable to taxation, except such part of it as
shall have been excepted in the assessment-roll, or as shall
have been exempted by law, together with its surplus profits.
or reserved fund exceeding ten per cent of its capital, after
deducting the assessed value of its real estate and all shares of
stock in other corporations actually owned by such company,

which are taxable upon its capital stock under the laws of this State, shall be assessed at its actual value and taxed in the same manner as the other personal and real estate of the company."

Under this statute the commissioners were required to ascertain and determine the actual value of the stock and make the deduction as provided. This was done by placing an estimate on the capital stock at its par value. The commissioners did this in the performance of their judicial duty which conferred upon them authority to act in accordance with their own knowledge and with such information as they were able to obtain, as to the real value of the stock, from sales in the market or otherwise, and by ascertaining the value of the property which the stock represented and by determining the dividend earning power of the corporation. There is no evidence in the record before us which establishes that the value fixed by the commissioners was incorrect or unauthorized, and it does not appear unqualifiedly and beyond question that the value of the capital stock was less than par.

Conceding that the whole amount of the capital was expended in the real estate, it by no means follows that the valuation made was in any respect erroneous. The stock may still have been at a par value in the market and might have brought that figure if exposed for sale. No reason, therefore, exists why it should not pay taxes on what it was reasonably worth. The assessment of the real estate at one-half of what it actually cost does not affect the value of the stock, which it is easy to see might well be worth double the assessed value of the real estate.

The deduction of the assessed value of the real estate from the amount of the capital stock appears to have been made in strict conformity with the act of 1857, already cited, which requires that the deduction shall be the asessed value of the real estate. The claim of the relator that the commissioners should have deducted the full amount paid for the real estate and not the assessed value thereof, rests on the provision of chapter 654 of the Laws of 1853, which, among other things, provides that in the fourth column of the assessment-roll shall be entered the

amount of the capital stock and of surplus profits or reserved fund exceeding ten per cent, after deducting sums paid out for the real estate of such company, and also upon the provision of the Revised Statutes which requires that in the statement to be made by the company to the assessor the sum actually paid for real estate shall be stated.

Without considering the effect to be given to these provisions it is sufficient to say that the question considered is settled by the decision of this court in *People, ex rel. Twenty-third St. R. R. Co.*, v. *Commissioners of Taxes of New York* (95 N. Y. 554) in which it was held that, under the provisions of the act of 1857  *  *  *  the capital stock of a corporation is to be " assessed at its actual value," from which is to be deducted " the assessed value of its real estate " and such other items as are specified in the act, and that the provisions of the prior statute regulating the details of assessments of the property of corporations are to be deemed amended so far as is necessary to make them conform to and give effect to the act of 1857.   The case cited is, we think, decisive and further elaboration is not required.

The learned counsel for the appellant claims that a distinction exists between the case cited and the one at bar, but we are unable to perceive any such difference as would authorize the application here of a rule different from the one there laid down.

Although it is stated in the papers, upon which this proceeding is founded, that the whole capital was invested in real estate and that the company owed $80,000, for which a mortgage was given ; that the company has but little personal property of any value ; that its business of late has yielded no dividends, and that by the sworn statement of its officers, its capital stock has no value, these statements are by no means conclusive, as it is well known that the stock of corporations may have a market value even although for the time being they are unable to pay dividends.   While such facts were subjects for consideration it still remained for the commissioners

to determine in their judgment and from the knowledge and information they had, whether the stock had any or what its actual value was.

There is no provision of law which authorizes a deduction from the capital stock by reason of the indebtedness of the company. While this indebtedness is a proper subject for consideration in estimating the value of the stock there is no authority for its deduction from the value of the stock after an estimate of the same has been made. It cannot, we think, be said, in view of the circumstances, that the commissioners acted arbitrarily or contrary to law in placing a valuation upon the stock.

The order and judgment should be affirmed, with costs.

All concur.

Judgment affirmed.