THE PEOPLE OF THE STATE OF NEW YORK EX REL. THE KNICKERBOCKER FIRE INSURANCE COMPANY, APPELLANTS, *v.* MICHAEL COLEMAN AND OTHERS, AS COMMISSIONERS OF TAXES, ETC., RESPONDENTS.

*Taxation of the capital stock of an insurance company — the tax commissioners are not limited by the price at which its shares sell in the open market — the value of the real estate as assessed and not its real value is to be deducted.*

In assessing the value of the capital stock of an insurance company for the purposes of taxation, the commissioners of taxes are not bound to adopt the rate at which the shares sold in the open market during the current year.

*People ex rel. Butchers, etc., Company* v. *Asten* (100 N. Y., 597) followed.

In deducting the value of the real estate owned by the company, the value at which it was assessed for the purposes of taxation, and not the value at which the tax commissioners have valued it, in determining the value of the capital stock, should be used.

*People ex rel. Butchers, etc., Company* v. *Asten* (*supra*) followed.

CERTIORARI to review the action of the respondents in assessing the capital stock of the relator for the purposes of taxation.

The relator is an insurance company and its shares of stock at par amounted to $210,000. The highest rate at which such shares sold in the open market during 1884 was ninety dollars per share but the respondent assessed the same as of the actual value of one hundred and forty-six dollars per share, for the purpose of taxation. This value was arrived at by valuing the gross assets at $374,872, including $125,000 as the value of the real estate, and making deductions amounting to $67,125.46, leaving the net value of the appellant's assets or capital stock to be $307,747, or $146 per share of $100. From this amount the respondents deducted as required by law:

| | |
|---|---:|
| U. S. stocks | $186,840 |
| The assessed value of the real estate | 75,000 |
| Ten per cent on the capital | 21,000 |
| | $282,840 |
| Leaving a balance of | $24,907 |

for which amount the relator was assessed.

The relators sought to review this assessment by *certiorari* and it was confirmed by the court, and the relator duly appealed from such judgment of confirmation.

*S. B. Brownell*, for relator. appellant.

*George S. Coleman*, for the respondent.

VAN BRUNT, P. J.:

It is apparent that the only question which was presented to the court below was as to the right of the respondents to value, for the purposes of taxation, the capital stock of the relators at other than its market value. The case of the *People ex rel. Butchers, etc., Company* v. *Asten* (100 N. Y., 597), and cases there cited, seems to settle this question, and it is not open for discussion.

The capital stock of a corporation is to be assessed at its actual value the court say, and the commissioners of taxes act judiciously in fixing such value, and they have the authority to act in accordance with their own knowledge, and with such information as they are able to obtain from the sales in the market or otherwise, by ascertaining the value of the property which the stock represented, and by determining the dividend earning power of the corporation.

In the case at bar it is true that the stock sold in the market at ninety, but, as above stated, the market value is only one of the elements to be considered by the commissioners in determining the "actual value of the capital stock" of a corporation for the purposes of taxation. There is no evidence that, in the valuation of the assets, the respondents placed excessive or unwarranted value upon any of the items going to make up the aggregate, nor is any complaint made upon that ground, but the only claim advanced is that the market value was ninety, and the commissioners could not assess at a higher value. This position, as has been seen, is not well taken.

It is now claimed, however, a point which does not appear to have been raised below, that the respondents, in appraising the assets of the corporation for the purpose of determining the actual value of capital stock, appraised the real estate at $125,000 (a valuation not claimed to be in excess of its actual value), but that in making the deductions for real estate only $75,000 was allowed, and that this was error.

The Court of Appeals, in the case of *People ex rel. Butchers, etc., Company* v. *Asten* (*supra*), seems to have disposed also of this objection. In the case cited, the real estate was valued for the purpose of ascertaining the actual value of the stock at what it cost, and being assessed only at one-half of such cost, such assessed value only was deducted as required by law. This, the court held, was not error, as the assessment of the real estate at one-half of what it actually cost did not not affect the value of the stock, and only the assessed value could be deducted. In the case at bar, it is not claimed that the real estate was not worth the $125,000 at which it was valued, nor that there was any excessive valuation of the assets ; hence no error was committed by the respondents in their assessment, and the judgment appealed from should be affirmed, with costs.

Brady and Daniels, JJ., concurred.

Judgment affirmed, with costs.