PEOPLE *ex rel*. COMMONWEALTH INS. CO. *v.* COLEMAN *et al.*, Tax Com'rs.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

CORPORATIONS—TAXATION—DEDUCTION OF DEBTS FROM AMOUNT OF CAPITAL.

In determining the value of the capital stock of a corporation for the purposes of taxation, the indebtedness of the corporation should be deducted from the real value of the stock, and the tax only imposed upon the balance, provided the balance is not less than 10 per cent. of the capital, which is exempt under the provisions of Laws N. Y. 1857, c. 456, § 3.

Appeal from special term, New York county; ABRAHAM R. LAWRENCE, Justice.

*Certiorari* by the relator, the Commonwealth Insurance Company of New York, against Michael Coleman, Edward C. Donnelly, and Thomas L. Feitner, commissioners of taxes for New York city and county, to correct an assessment of its capital stock. The assessment complained of was made under the act of 1857, c. 456, § 3, providing that "the capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment roll, or as shall have been exempted by law, together with its surplus profits or reserved funds, exceeding ten per cent. of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company which are taxable upon their capital stock under the laws of this state, shall be assessed at its actual value, and taxed in the same manner as the other personal and real estate of the county."

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

*Shipman, Barlow, Lorocque & Choate,* for appellant. *Henry R. Bukman,* (*Geo. S. Coleman,* of counsel,) for respondents.

VAN BRUNT, P. J. In the able opinion delivered by the learned justice who heard this case in the court below, the manner in which the tax commissioners may determine the value of the capital stock of a corporation for the purposes of taxation is entirely correctly set forth, and is in accordance with the principles laid down by the court of appeals in the case of *People* v. *Asten,* 100 N. Y. 597, 3 N. E. Rep. 788, referred to by him. But there is one point which we think has been overlooked in the consideration of this assessment of the value of the capital stock. It is undoubtedly true that, after an estimate of the value of the capital stock has been made, there is no authority for the deduction of the indebtedness of the corporation, but it is also true that the indebtedness of a corporation is a proper subject for consideration in estimating the value of the stock; and, in the conclusion at which the learned justice arrived in this case in determining the value of the capital stock, the indebtedness of the corporation was not considered. There being no market for the stock of this company, its value was attempted to be ascertained by determining the value of its assets; and the aggregate value of its assets was $345,885.21. If, however, the corporation was indebted, this did not represent the actual value of its capital stock, because such value was reduced by the amount of its indebtedness. All the assets going to make up this aggregate had been assessed at their full market value, no deduction whatever being made therefrom. Consequently the value of those assets was diminished in determining the value of the capital stock by the amount of the indebtedness. Therefore, deducting the amount of the indebtedness, which it is con-

ceded amounted to $24,666.16, the total value of the capital stock of the corporation was $321,219.05. This deduction, however, the learned judge challenged, upon the ground that it was improper to consider this indebtedness in ascertaining the value of the capital stock of a corporation liable to taxation. In this it appears he has fallen into an error. It would be improper to deduct such indebtedness after having determined the value of the capital stock, because that would be deducting the indebtedness twice; but, in estimating the value of the stock, the indebtedness of the corporation is a proper subject for consideration. Of this value of $321,219.05 the sum of $304,575 consisted of government bonds, as to which the company was entitled to exemption. The amount of surplus, therefore, which the corporation had, was $16,644. But it was not liable to taxation upon this surplus, because it was entitled to exemption upon surplus until such surplus exceeded 10 per cent. of its capital,—in this case $30,000. The surplus in the case at bar was within this sum, and consequently the corporation was not liable to taxation. We are of opinion, therefore, that the judgment of the special term should be reversed, and the assessment vacated.

BRADY and BARTLETT, JJ., concur.