PEOPLE *ex rel.* CENTRAL PARK, N. & E. R. R. Co. *v.* COMMISSIONERS OF TAXES AND ASSESSMENTS.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

1. TAXATION—ASSESSMENT—DEDUCTION OF DEBTS—CORPORATIONS.

The funded and floating debts of a corporation which pays an annual dividend of 8 per cent., and whose stock is worth 130 per cent., need not be deducted from an assessed valuation of its capital stock which is less than the amount of such debts, no such deduction being provided for in Laws N. Y. 1857, c. 456, § 3, which governs such assessment. 1 Rev. St. (6th Ed.) pp. 935, 936, § 9, subd. 4, and section 10, providing for the deduction of debts in the assessment of personal property, do not apply.

2. SAME—ASSESSED VALUE OF LAND.

Under Laws 1857, c. 456, § 3, providing for the deduction of the assessed value of the real estate of the corporation, no more than the assessed value need be deducted, though a greater valuation might have been placed upon it.

3. SAME—CORPORATE FRANCHISE.

In placing a valuation on capital stock, the value of the franchise of the corporation may be considered.

Appeal from special term, New York county.

Writ of *certiorari* to the commissioners of taxes and assessments of the city of New York, to review an assessment of the capital stock of the Central Park, North & East River Railroad Company, relator. Relator appeals from an order affirming the action of defendants, and dismissing the writ.

Argued before DANIELS and BARTLETT, JJ.

*De Los McCurdy* and *B. W. Franklin,* for appellant. *George S. Coleman,* for respondents.

DANIELS, J. The assessment complained of by this proceeding was made of the capital stock of the relator for the year 1883, amounting to the sum of $942,142. The objections stated in the petition were that the relator was not liable to be assessed on its capital stock for that year, and that the assessment was made without deducting the amount paid for real estate, and that it was at a higher proportionate valuation than other real or personal property on the same roll. The commissioners in their return denied the charges of irregularity or illegality in making the assessment, and stated the basis on which the assessment had taken place. The capital stock of the relator was stated to be the sum of $1,800,000, and that is conceded in the report of the company to be entirely correct. Upon this the commissioners originally made their assessment at the sum of $2,700,000. During the time prescribed for that purpose the relator presented its complaint to them, and therein objected

to the amount of this assessment. Upon a further consideration of the case, they concluded to and did reduce it to the sum of $1,696,500, placing in this manner a valuation on the relator's capital stock of 94¼ per cent. of its par value, which was greatly below the actual value of the stock. That was stated in the report of the relator at the sum of 130 per cent., yielding an annual dividend of 8 per cent. By this action it is accordingly evident that the commissioners were more liberal to the relator in their final conclusion than the law required them to be. The result was not erroneously reached, but was highly favorable to the relator. From this amount the commissioners then proceeded to and did deduct the real estate of the petitioner, amounting in value to the sum of $510,812; and this was conformable to the price paid for the real estate, as that was reported by the relator to the commissioners, subject only to the deduction of 37 cents. The commissioners then made a further deduction of $228,246 for the tracks of the relator. These were stated in the relator's report at the sum of $1,165,050, justifying, if it had been followed, both a larger assessment of the tracks, as real estate, and a larger deduction from the capital stock of the company than was allowed by commissioners. But no injustice was done to the relator by making the allowance for the tracks at these figures; for it appeared in the proceedings for the assessment of the real estate, which were substantially consolidated with this, that the tracks of the relator were assessed by the commissioners at no greater amount or value than this sum of $228,246. In both respects, therefore, injustice to the relator was carefully avoided, for the valuation of its capital stock was placed at a lower figure than the facts themselves, as they were conceded by the company, would justify, and the real estate was deducted from the reduced balance at the full amount for which it was assessed in the proceeding adopted and followed for that purpose; and the deduction of that valuation is all that has been directed by section 3, c. 456, Laws 1857. *People* v. *Commissioners*, 95 N. Y. 554. Besides this, the amount invested in the stocks of other corporations, taxed upon their capital, was also deducted, and that produced the balance of $942,142, for which the stock of the company was assessed. Evidence was taken before the referee appointed for that purpose, relating to the personal property, earnings, and valuation of the stock of the company. But this evidence was very general and indefinite, supplying no substantial criterion for the government of the commissioners in making their assessment; and it certainly did not overcome the effect of the statements made in the report verified by the treasurer on the 29th of March, 1883, stating the value of the stock to be 130 per cent., and the annual dividend 8 per cent. These were facts admitted by the defendant. And upon them, as well as the information which the commissioners otherwise acquired, they were supported in the conclusion which they adopted and followed, and would have been in placing a much higher valuation upon the stock than they did. In ascertaining the valuation of property for the purpose of taxation, much has been left by the law to the intelligence and judgment of the assessors themselves. And "they have a right to resort to all the tests and measures of value which men ordinarily adopt for business purposes, in estimating and measuring values of property. They may take into account the business of the corporation, its property, the value of its actual assets, the amount and nature of its present and contingent liabilities, the amount of its dividends, and the market value of its shares of stock in the hands of individuals. They may resort to any or all of these, as to them seems best, and they are not confined to one of them. They may take that test which they think will be most likely to give them the actual value of the stock, and they may disregard all the others." *People* v. *Coleman*, 107 N. Y. 541, 543, 14 N. E. Rep. 431. And in their estimate they are at liberty, not only to consider the property and liabilities of the company, but also the value of the franchise secured to the owner as a corporation. *People* v. *Commissioners*, 104 N. Y. 240, 10 N.

E. Rep. 437. From the evidence before them, as well as that taken under the order of reference, the commissioners were fully warranted in adopting the valuation which they did as the criterion for which the relator was liable to assessment upon its capital stock.

By the report which the company made to the commissioners it appeared that they were owing a funded debt, which, with interest, amounted to the sum of $1,220,325, and a floating debt amounting to $21,596.30. In behalf of the relator it has been urged that a deduction of these debts should have been made by the commissioners from the balance adopted by them. If that had been done, no residue would have remained upon which the relator would have been liable to taxation upon its capital. In the assessment of personal property for the purpose of taxation, the just debts owing by the owner have by the Revised Statutes been required to be deducted from its full value. 1 Rev. St. (6th Ed.) pp. 935, 936, § 9, subd. 4, and section 10. But the assessment of the personal property or capital of a corporation, not invested in real estate, is not made under the provisions of this statute. That was changed as to corporations by chapter 456 of the Laws of 1857. By section 3 of that act the capital stock of the corporation is required to be assessed at its actual value, and taxed in the same manner as other personal and real estate of the county, after deducting therefrom such part as may have been excepted in the assessment roll, or has been exempted by law, together with its surplus profits or reserved funds exceeding 10 per cent. of its capital, and the assessed value of its real estate, together with the shares of stock owned by it in other corporations, taxed upon their capital stock under the laws of this state. Those are the only exceptions and deductions which the statute has provided for, or permitted to be made; and this indebtedness, not being within the deductions in this manner provided for, could not be used by way of absorbing the balance adopted by the commissioners, as the amount for which the relator was assessable. In the case of *People* v. *Commissioners*, 31 Hun, 32, the amount of indebtedness was proved as a fact to establish the conclusion that the stock of the company was of no value. And that has been sanctioned by *People* v. *Asten*, 100 N. Y. 597, 3 N. E. Rep. 788. But making that use of the indebtedness would not change the liability of the relator for the amount of this assessment. For the facts still remained, proven by its own admissions, that the dividend made by it was 8 per cent., and the stock was of the value of 130 per cent. No substantial ground, accordingly, was presented in the case on which the relator was entitled to any further deductions than those allowed by the commissioners. The assertion that the assessment was made at a higher proportionate valuation than other real or personal property on the same rolls, or that it was illegal, erroneous, or void for any of the reasons or causes set forth in the petition for the writ, have been denied. And no proof has been presented in the case which would entitle the relator to any advantage under these charges contained in its petition. The case of *People* v *Carter*, 109 N. Y. 576, 17 N. E. Rep. 222, has prescribed what may be done under the allegation that the valuation is proportionately higher than other property in the same roll. But this authority affords no basis for any interference by the court with this assessment. The order should be affirmed, together with the usual costs and disbursements. All concur.