PEOPLE ex rel. UNION TRUST CO. v. COLEMAN et al., Commissioners.

(Supreme Court, General Term, First Department. January 13, 1891.)

TAXATION—CORPORATION—ASSESSMENT—ACTUAL VALUE.

Under Laws N. Y. 1857, c. 456, § 3, which provides that the capital stock, surplus profits, etc., of corporations "shall be assessed at their actual value, and taxed in the same manner as the other personal and real estate of the county," but does not prescribe how such actual value is to be ascertained, the commissioners making the assessment are not restricted to the actual value of the assets, but may consider the business of the corporation, the amount of its dividends, and all the elements which go to make up its market value. Following People v. Coleman, 107 N. Y. 541, 14 N. E. Rep. 431; People v. Commissioners, 4 N. Y. Supp. 43.

Appeal from special term, New York county.

Certiorari at the relation of the Union Trust Company against Michael Coleman and others, commissioners of taxes and assessments, to review an assessment of its capital stock. There was a judgment dismissing the writ of certiorari, and the relator appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

Wheeler H. Peckham, for appellant. George S. Coleman, for respondents.

BRADY, J. This proceeding was instituted by the relator, pursuant to chapter 269, Laws 1880, for the purpose of reviewing the assessed valuation of its capital stock as fixed by the respondents for the year 1889. The question presented and very elaborately argued on behalf of the appellant relates to the method of ascertaining the actual value of the capital stock of the corporation, under the laws of this state, for the purposes of taxation. On behalf of the appellant it is claimed that the assessing officers have no right, in any event, to place a higher valuation upon the capital stock of the company than the actual value of the assets. The respondents, on the other hand, insist that, in determining that value, they are not restricted to the consideration of assets, but can consider the business of the corporation, the amount of dividends it declared, and all the elements which go to make up what is called the "market value" of the shares of its stock; and it is insisted, as a legal conclusion, that their judgment should not be disturbed, unless shown to be clearly erroneous. The learned justice in the court below considered that, under the act of 1857, and the construction given to it by the court of appeals in the case of People v. Coleman, 107 N. Y. 541, 14 N. E. Rep. 431, a definite rule had been declared and a binding construction adopted in reference to section 3 of chapter 456 of the act mentioned; that the construction of the statute was involved in the case, and necessarily un-

der consideration; and this view seems to be unassailable. The act referred to, by its third section, provides as follows: "The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment roll, or as shall have been exempted by law, together with its surplus profits or reserved funds, exceeding ten per cent. of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company, which are taxable upon their capital stock under the laws of this state, shall be assessed at its actual value, and taxed in the same manner as the other personal and real estate of the county." This statute does not prescribe the mode of determining the value, which must be ascertained according to the terms of its provisions, but the course of adjudications bearing upon the subject has supplied, it would seem, the deficiency. In the case of *People* v. *Commissioners*, 95 N. Y. 554, the court of appeals had occasion to consider the language of the act, and the apparent inconsistencies of the Revised Statutes concerning the taxes and assessments upon incorporated companies when considered in connection with the act of 1857 were explained; and it is claimed that whatever doubts existed prior to 1884 were removed by that decision. In 1885 the act in question was again before the court of appeals in the case of *People* v. *Asten*, 100 N. Y. 597, 3 N. E. Rep. 788. In that case the court said: "Under this statute the commissioners were required to ascertain and determine the actual value of the stock, and make the deduction as provided. This was done by placing an estimate on the capital stock at its par value. The commissioners did this in the performance of their judicial duty, which conferred upon them authority to act in accordance with their own knowledge, and with such information as they were able to obtain as to the real value of the stock, from sales in the market or otherwise, and by ascertaining the value of the property which the stock represented, and by determining the dividend earning power of the corporation. There is no evidence in the record before us which establishes that the value fixed by the commissioners was incorrect or unauthorized, and it does not appear unqualifiedly and beyond question that the value of the capital stock was less than par."

It appears that the entire capital of the Butchers' Hide & Melting Company was invested in real estate, and that the company owed $50,000, for which a mortgage had been given; that it had but little personal property of any value, and that its business had lately yielded no dividends. The court of appeals, assuming all these facts to be true, held that they were by no means conclusive, as it is well known that the stock of corporations may have a market value, even although, for the time being, they are unable to pay dividends. In 1887 the act was again before the court of appeals in the case of *People* v. *Commissioners*, 104 N. Y. 240, 10 N. E. Rep. 437, in which it appeared that the commissioners, in fixing the actual value of the capital stock, took the actual value of the shares as a measure of the value of the stock. That practice was not denounced; it was not held to be illegal or erroneous; it was not held to be an improper test, and not so declared. The most comprehensive expression of the court of appeals on the method of ascertaining the actual value of capital stock for the purposes of taxation is found in the case referred to by the learned justice in the court below, *People* v. *Coleman*, 107 N. Y. 541, 14 N. E. Rep. 431; affirming 44 Hun, 410. The opinion of EARL, J., in its entirety, was concurred in by the court, and is directly applicable to the controversy involved herein, and practically disposes of its issues. Judge EARL, in the course of his opinion, said: "This section has been under consideration in this court several times, and its true construction and practical application have been found not to be entirely free from difficulty. The law does not prescribe how the actual value of the capital stock of a corporation is to be ascertained. That is left to the judgment of the assessors, and, in appraising the actual value, they have a right to re-

sort to all the tests and measures of value which men ordinarily adopt for business purposes in estimating and measuring values of property. They may take into account the business of the corporation, its property, the value of its actual assets, the amount and nature of its present and contingent liabilities, the amount of its dividends, and the market value of its shares of stock in the hands of individuals. They may resort to any or all of these, as to them seems best, and they are not confined to one of them. They may take that test which they think will be most likely to give them the actual value of the stock, and they may disregard all the others. The law commits the matter to their judgment, and when they have exercised that it is subject to no review or correction except as prescribed by law." The precise doctrine of the case cited has been applied in this department in the case of *People* v. *Commissioners*, 4 N. Y. Supp. 41. The precise point involved here arose in that case and was passed upon. It thus appears that the commissioners, in making the estimate of which complaint is made, acted within the line of their duty, and their proceedings are not distinguished by the adoption of any improper rule of action or of control. It is conceded that the argument on behalf of the appellants is comprehensive, elaborate, and ingenious, but it cannot avail them, for the reason that the question has been considered and disposed of by the court of last resort, and it is not therefore open to discussion.

It may be said, in conclusion, that there is really no evidence in this case showing or tending to show that the value adopted by the respondents was excessive, as suggested by the learned counsel for the appellant, or that the deductions allowed by them were insufficient. Indeed, it is not understood that the relator assaults the result, but rather the methods adopted by the commissioners in assessing the value of the capital stock. But the methods were lawful, as we have shown, and there is therefore no reason for interfering with the judgment of the commissioners. The order appealed from must be affirmed, with costs. All concur.