BARNETT M. KAPLAN, Respondent, *v.* MARYLAND CASUALTY COMPANY, Appellant.

(Argued January 9, 1934; decided February 27, 1934.)

*Thomas J. Meehan, Jr.*, for appellant. Reversible error was committed by the trial court in excluding competent evidence offered by the defendant as to the value of the stock at the time the injunction was granted. (*Matter of Crary*, 31 Misc. Rep. 72; *Matter of Chambers*, 155 N. Y. Supp. 153; *Matter of Proctor*, 41 Misc. Rep. 79; *Matter of Curtice*, 111 App. Div. 230; 185 N. Y. 543; *Matter of Chappell*, 151 App. Div. 774; *People ex rel. Knickerbocker Fire Ins. Co.* v. *Coleman*, 107 N. Y. 541; *People ex rel. U. T. Co.* v. *Coleman*, 126 N. Y. 433; *Matter of Dupignac*, 123 Misc. Rep. 21· 211 App. Div. 862; *Matter of Colt*, 125 Misc. Rep. 373; *Matter of Jackson*, 125 Misc. Rep. 787; *Matter of Smith*, 71 App. Div. 602; *Pett* v. *Spiegel*, 202 N. Y. Supp. 650; *Matter of Roos*, 90 Misc. Rep. 521; *Matter of Ball*, 161 App. Div. 79; *Matter of Ottman*, 166 N. Y. Supp. 1078.)

*Michael Halperin* for respondent. The trial court did not commit reversible error in the admission or exclusion of the evidence of the value of the stock submitted to the jury. (*Joseph* v. *Sulzberger*, 136 App. Div. 499; *Page* v. *Clark*, 119 Misc. Rep. 110; *Cabble* v. *Cabble*, 111 App. Div. 426; *von Au* v. *Magenheimer*, 115 App. Div. 84.)

O'BRIEN, J. In February, 1930, an action in replevin was begun by John Carnesale against Barnett M. Kaplan

and Maurice D. Friedman to recover possession of one hundred and fifteen shares of the capital stock of the Nicholas Cloak and Suit Company. In that action Carnesale, the plaintiff, obtained an order restraining the defendants from transferring the stock or exercising any authority over it during the pendency of the action and filed a surety bond for $4,500 executed by the Maryland Casualty Company to indemnify Kaplan and Friedman for any damage caused by the injunction. In May, 1931, the corporation discontinued business and disposed of all its assets. In February, 1932, judgment was entered dismissing the complaint. At the time of the entry of that judgment, the stock was valueless and was purchased at auction for one dollar by Kaplan.

The present action is brought against the surety by Kaplan in his own right and as assignee of Friedman for the difference in value of the stock at the date of filing the bond and the date of vacating the injunction. The only issue of fact submitted to the jury was the damage sustained·by Kaplan based upon the value of the stock February 28, 1930. The court charged that the verdict could be for any amount from six cents up to $4,500, depending upon the jury's appraisal of the value of the stock. The verdict was $4,499, which denotes that the jury appraised the value as of that date at $4,500.

There is no evidence of any sale of the stock of this corporation, except the sale of the one hundred and fifteen shares to Kaplan at auction for a nominal sum, nor any evidence of the existence of a market for it nor any evidence of the number of outstanding shares. A statement by counsel for plaintiff during the trial indicates that some shares in excess of one hundred and fifteen were then outstanding. The surety bond recites that, on the date of the execution of that instrument, $4,500 represented the assumed value of the one hundred and fifteen shares. Various witnesses, by subtracting liabilities from assets at the date of the filing of the bond,

estimate the net worth of the corporation at amounts ranging from $8,225.80 to $972.60.

In order to arrive at a fair approximation of the value of the one hundred and fifteen shares, the jury should have had before it information not only in respect to the assets and liabilities as shown by the books but also the number of outstanding shares, the amount of capital paid in, the earnings, if any, at the time or within a reasonable preceding or subsequent time, the proceeds obtained, at the time of liquidation in May, 1931, from the sale of the inventoried merchandise and of the plant and equipment and the amount collected on the accounts receivable. Plaintiff failed to prove any of these items, and defendant, protecting itself by exceptions to the rulings, was not allowed to prove them. We think it had the right to prove intrinsic value. (*James* v. *Cowing,* 82 N. Y. 449, 455, 456; *People ex rel. Knickerbocker Fire Ins. Co.* v. *Coleman,* 107 N. Y. 541; *People ex rel. Union Trust Co.* v. *Coleman,* 126 N. Y. 433, 447; *Industrial & General Trust Co.* v. *Tod,* 180 N. Y. 215, 232; *Virginia* v. *West Virginia,* 238 U. S. 202, 213; *Matter of Foster,* 263 N. Y. 639.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to appellant to abide the event.

POUND, Ch. J., CRANE, LEHMAN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Judgments reversed, etc.