■    ABE BARR, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs to respondent. On this record plaintiff was guilty of contributory negligence as a matter of law. Plaintiff was selected and served as a juror from Monday to Thursday, the date of the accident. Though aware of the existence and location of the footrail in the jury box, plaintiff failed to look where he was going when leaving the jury box, with the result that his foot caught in an upright which supported the footrail. Relative unfamiliarity with his surroundings emphasized the duty for plaintiff to use at least reasonable care for his own safety. This he failed to do. Neither faulty design nor negligent maintenance can be held responsible for the accident. Concur — Breitel, J. P., McNally, Stevens, Steuer and Staley, JJ.

■    BEN BERNSTEIN, Respondent, v. WALTER SWIDUNOVICH, Appellant.— Judgment directing foreclosure of mechanic's lien and providing for payment to plaintiff contractor of the balance due under a contract for the renovation of a building unanimously reversed, on the law and in the interest of justice, and a new trial ordered, without costs to either party. On the record made the decision by the Trial Justice would be justified. However, it is evident from the testimony presented by defendant that there was a failure to establish proof with regard to the condition of the building immediately after plaintiff contractor completed his work, with respect to the value of the installation and cost of aluminum windows rather than wooden windows, and in a number of other, less important items, all of which was relevant in establishing a failure on the part of the contractor to have performed his contract substantially. Under the circumstances a new trial is justified if the risk of substantial injustice is to be avoided. Upon a new trial the court should not be confined as to the issues already determined, except as to the effect of the certificate of occupancy provision in the contract, but the matter may be assessed de novo. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■    In the Matter of the Arbitration between MORRIS ROSEN & SONS, INC., Appellant and 800 SECOND AVE. COMPANY et al., Respondents.— Judgment entered on March 28, 1963 on order denying petitioner's motion to vacate the award in arbitration and to direct that the arbitration proceed de novo and granting respondents' cross motion to confirm said award and direct entry of judgment is unanimously affirmed, with costs to respondents. It is clear that toward the close of this prolonged arbitration proceeding, after three separate meetings attended by the three arbitrators to discuss the evidence adduced upon the hearings, the determination of the other two arbitrators to allow substantial damages to respondents became evident; and the arbitrator designated by petitioner sought to delay and frustrate the conclusion of the proceeding. Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.