■ PONDEROSA PINES, INC., Respondent, v QUEENS FARM DAIRY, INC., et al., Appellants.—Judgment unanimously reversed, on the law, with costs, and a new trial granted. Memorandum: In this action for conversion of whey processing equipment by the two defendants-appellants, plaintiff offered proof that each defendant had converted some of the property which was missing from the place of plaintiff's operations. There was no proof, however, that the defendants acted in concert or that either aided or participated in the conversion by the other. So far as it appears, their acts were several and independent. In this circumstance, the judgment granted jointly against both defendants for the amount that the trier of the facts found to be the full value of the converted property was improper *(O'Donnell v City of Syracuse,* 184 NY 1, 8; *Chipman v Palmer,* 77 NY 51). Because the record before us is entirely lacking in proof of the value of the items converted by each defendant, we cannot fix the amounts of their respective liabilities. It appears, however, that such evidence is within plaintiff's reach. We therefore grant a new trial to permit it to adduce such proof (CPLR 5522; *Zeleznik v Jewish Chronic Disease Hosp.,* 47 AD2d 199; *Victor Catering Co. v Nasca,* 8 AD2d 5). The case of *S. & C. Clothing Co. v United States Trucking Corp.* (216 App Div 482), cited by the trial court, is not authority for a joint judgment in the full amount of the loss against both defendants. In addition to the fact that the case presented only the question of the propriety of a dismissal at the end of the plaintiff's proof, it is also distinguishable on the ground that it was a situation of *alternative* liability,

not *divided and separate* liability, as in the present case. (Appeal from judgment of Oswego Trial Term in conversion action.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.