■ CBM EQUIPMENT CORPORATION, Appellant, v HAROLD W. MARK-WARDT, Respondent.—Judgment unanimously reversed, without costs, and matter remitted to Erie County Supreme Court for further proceedings in accordance with the following memorandum: following the grant of partial summary judgment to plaintiff with direction that the issue as to the value of the life insurance policy on defendant's life be tried and determined as an item to be included in computing the book value of defendant's common stock under a stock redemption contract between plaintiff corporation and defendant, the court took evidence and reached a value which we find is not

supported by the record, and so the judgment is reversed. There is evidence to support plaintiff's offer to defendant, which includes the cash surrender value of $7,089.50 for the policy of insurance on defendant's life, and defendant failed to use his opportunity to produce necessary evidence to support his contention that such amount is grossly inadequate. Nevertheless, in the interest of justice (see *Ponderosa Pines v Queens Farm Dairy,* 48 AD2d 760; *Zeleznik v Jewish Chronic Disease Hosp.,* 47 AD2d 199, 204-205; *Bernstein v Swidunovich,* 20 AD2d 883) we think that the case should be remitted to permit defendant, if he be so advised, to introduce evidence that the book value of his stock, computed in light of the value of the life insurance policy on him as of the stock redemption date, using acceptable accounting practice, was in excess of that included in plaintiff's offer. It was acknowledged that defendant's heart attack on January 26, 1976 has rendered him totally disabled and that under the contract between plaintiff corporation and defendant, plaintiff is entitled to purchase defendant's stock in the corporation according to its book value plus some other amount not at issue herein. In the absence of other provision in the contract, "book value" of defendant's stock means its net value as shown on the books of the corporation *(People ex rel. Knickerbocker Fire Ins. Co. v Coleman,* 107 NY 541, 543-544; *Lane v Barnard,* 185 App Div 754, 758). Here, the book entries were not completed, of course, on the stock redemption date under the agreement, to wit, February 25, 1976. In any event, "accepted accounting principles should not be entirely disregarded" *(Aron v Gillman,* 309 NY 157, 160) in interpreting the agreement and in determining book value. The record shows that the life insurance policies on the two stockholders, of whom defendant was one, were carried on the books of the company but their value at any given time was not shown. Defendant's life was insured for the sum of $100,000, payable to plaintiff on his death. On the face of the policy reference is made to a waiver of premium rider. In view of defendant's severe heart attack, he produced evidence that because of his illness his life expectancy is greatly reduced. He claims, therefore, that the value of the policy (to plaintiff and hence to defendant under the stock redemption contract) is much greater than its cash surrender value at the time of evaluation under the contract, particularly by reason of the waiver of premium rider, and such enhanced value must be considered in determining the book value of the stock. Although there may be substance to defendant's contentions, he failed to offer proof concerning the precise terms of the waiver of premium rider and whether it was in effect when his total disability occurred. Proof also was lacking as to whether it is a reasonable and acceptable accounting practice to compute the book value of this life insurance policy by using a method of computation other than cash surrender value, such as taking its face value less loans against it and discounting the result in accordance with defendant's life expectancy and other possible considerations. Nor was there proof with respect to discount rates (see present value tables, 1 PJI 2d 717-721, 1979 Supp, pp 193-197). These observations are not meant to limit defendant in respect of the proof that he may offer. Plaintiff, of course, will be entitled to show that the only proper method for including the value of the life insurance policy on defendant's life, in computing the book value of the stock on the redemption date, is to use the cash surrender value of the policy. (Appeal from judgment of Erie Supreme Court—specific performance.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.