■ DAVID W. REESER, Respondent, v ANITA L. HILL et al., Appellants. — Judgment unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Niagara County, for a determination of compensatory and punitive damages, in accordance with the following memorandum: Defendants appeal from a judgment entered upon a jury verdict against them for conversion of plaintiff's property and awarding $105,000 in compensatory damages and $35,000 in punitive damages which was reduced to $31,500 in an amended judgment. The court erred in permitting the jury to determine the value of two imprecisely described diamond rings based solely upon the jury's "common sense". Where property has an ascertainable market value, it is necessary that proof be submitted to support a determination of value (*MacGregor v Watts,* 254 App Div 904; *Anderson v A. H. Sickinger, Inc.,* 235 App Div 735; *Spartis v Doscas,* 68 NYS2d 462 [App Term, 1st Dept]; 23 NY Jur 2d, Conversion, § 69). There was no such proof and a new trial should be granted (CPLR 5522; *Ponderosa Pines v Queens Farm Dairy,* 48 AD2d 760). Since the punitive damage award was based on compensatory damages, the

entire general verdict must be set aside (see *Brandt Corp. v Warren Automatic Controls Corp.*, 37 AD2d 563; 10 NY Jur, Conversion, § 69). We suggest that upon a new trial the court consider special verdicts for the amount of damages for each category of property converted (CPLR 4111). We have reviewed defendant Fred Hill's contention that the evidence was insufficient to support liability as to him and find it to be without merit. (Appeal from judgment of Supreme Court, Niagara County, Sedita, J. — conversion.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.