■ MARK D. STERN, as Administrator C.T.A. of the Estate of ANNA W. FABRICANT, Deceased, Appellant, v JOAN BIRNBAUM et al., Respondents. [615 NYS2d 62] —In an action for a judgment declaring, inter alia, that the "book value" of Carmac Realty Co., Inc., was $135,000, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter Patsalos, J.),

dated October 2, 1992, which, *inter alia,* (1) granted the defendants' motion for summary judgment, (2) declared that the book value of Carmac Realty Co., Inc., was $13,069 and otherwise dismissed the complaint, and (3) granted the defendants judgment on their counterclaim by directing the plaintiff to transfer his decedent's stock in the defendant Carmac Realty Co., to the defendant Joan Birnbaum, upon payment of one-half of the book value of $13,069.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the provision of a shareholders' agreement entered into in August 1959, which, *inter alia,* granted the survivor an option to purchase the decedent's shares of the closely held corporation at one-half of the "book value" of the corporation, was not an ambiguous term *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162; *Gallagher v Lambert,* 74 NY2d 562, 567, 571; *Allen v Biltmore Tissue Corp.,* 2 NY2d 534, 543; *People ex rel. Knickerbocker Fire Ins. Co. v Coleman,* 107 NY 541, 543; *CBM Equip. Corp. v Markwardt,* 77 AD2d 815, 816; *Claire v Wigdor,* 24 AD2d 992). The Supreme Court also properly determined that the plaintiff failed to raise any issue of fact with respect to whether the certified public accountant in charge of the books of the corporation determined the book value in accordance with accepted accounting practices as required by the 1959 agreement. As a result, and in accordance with the 1959 agreement, the corporate accountant's determination of book value was final and binding upon the parties, and the defendants were properly granted judgment on their counterclaim. We further find that the 1959 agreement was not unconscionable *(see, Rosiny v Schmidt,* 185 AD2d 727, 728, citing *Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383, 389). Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.