■ FREDERICK REHBERGER, Respondent, v RICHARD O. RICHTBERG et al., Defendants, and MRW GROUP, INC., Appellant. [744 NYS2d 477] —In an action for a judgment declaring the value of the outstanding shares of common stock of the defendant MRW Group, Inc., the defendant MRW Group, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated May 3, 2001, as granted that branch of the plaintiff's motion which was for summary judgment declaring the value of the outstanding shares of common stock of the defendant MRW Group, Inc.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the value of the outstanding shares of common stock of the defendant MRW Group, Inc., is $7,000,000; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff, a shareholder in the defendant MRW Group, Inc. (hereinafter MRW), a closely held corporation, commenced this action for a judgment declaring that the value of all of the

outstanding shares of common stock of MRW is $7,000,000. He brought this action in connection with his demand, pursuant to the shareholders' agreement, that MRW purchase all of his shares in the corporation at a preestablished price when he reached the age of 60.

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on his complaint against MRW. Where the terms of a written contract are clear and unambiguous, the courts will enforce it according to its terms (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157; *Automotive Mgt. Group v SRB Mgt. Co.,* 239 AD2d 450). Here, the shareholders' agreement provided, in relevant part, that each year, the stockholders and MRW would agree upon the value of each share of stock, and that such value would "be the purchase price for each share of stock." However, it also provided that in the event that MRW and the shareholders failed to agree to a particular value, the last stipulated value was to control. It is undisputed that prior to the plaintiff's demand that MRW purchase his shares of stock upon his reaching the age of 60, MRW and its shareholders failed to stipulate to a share value other than the $7,000,000 value set for all outstanding shares in the shareholders' agreement.

MRW's remaining contentions are without merit.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court for the entry of a judgment declaring that the value of the outstanding shares of common stock of MRW is $7,000,000 (*see Lanza v Wagner,* 11 NY2d 317, appeal dismissed 371 US 74, *cert denied* 371 US 901). Smith, J.P., Friedmann, Schmidt and Townes, JJ., concur.