■ In the Matter of TERRY L. STEVENS, Appellant, v ALLIED BUILDERS, INC., et al., Respondents. [905 NYS2d 388]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered March 12, 2009 in a proceeding pursuant to Business Corporation Law § 1104-a. The order, insofar as appealed from, granted those parts of respondents' motion to dismiss the petition, for summary judgment dismiss-

ing the petition in part and for summary judgment on the first counterclaim.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, the petition is reinstated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner commenced this dissolution proceeding pursuant to Business Corporation Law § 1104-a. We conclude that Supreme Court erred in granting those parts of respondents' motion to dismiss the petition based on petitioner's lack of standing, for summary judgment dismissing the petition insofar as it alleges that petitioner was wrongfully terminated and oppressed and for summary judgment on the first counterclaim, seeking an order determining that petitioner is obligated to sell his shares pursuant to certain terms of the Option Agreement. It cannot be said that those terms apply to this proceeding.

"Construction of an unambiguous contract is a matter of law, and the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]; *see Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 171-172 [1973]). Section 7 (a) of the Option Agreement provided, in relevant part, that petitioner "shall not sell, transfer, assign, give, bequeath, hypothecate, pledge, create a security interest in, or lien on, encumber, place in trust (voting or other) or otherwise dispose of all or any portion of the shares of the capital stock . . . whether voluntarily or through any bankruptcy or other insolvency proceedings, adjudication of insanity, death or otherwise." Section 7 (c) gave respondent shareholders the option to purchase if there was a transfer of stock pursuant to section 7 (a), and section 7 (e) provided for the purchase price. Section 8 of the Option Agreement also gave respondent shareholders the option to purchase for that same price upon the termination of petitioner from the corporation for any reason prior to the period ending 10 years from the date of the Option Agreement. Further, section 8 (c) provided that the provisions of section 8 applied to dissolution proceedings pursuant to Business Corporation Law § 1104-a.

We agree with petitioner that section 8 of the Option Agreement is no longer in effect because it expired by its own terms. Contrary to respondents' contention, the effective time period of section 8 was not extended by the later amendments to the Option Agreement. Those amendments did not amend that section and specifically provided that all other terms of the Option Agreement remained in effect.

We further agree with petitioner that section 7 of the Option Agreement does not apply to dissolution proceedings. First, to construe section 7 in that way would render section 8 (c) meaningless. It is well settled that courts "should construe [a contract] so as to give full meaning and effect to the material provisions" (*Excess Ins. Co. Ltd. v Factory Mut. Ins. Co.*, 3 NY3d 577, 582 [2004]), and they should not construe a contract in such a way that would render a provision meaningless (*see Matter of Columbus Park Corp. v Department of Hous. Preserv. & Dev. of City of N.Y.*, 80 NY2d 19, 31 [1992], *rearg denied* 80 NY2d 925 [1992]). Second, section 7 is not so broad as to include dissolution proceedings (*see Matter of Pace Photographers [Rosen]*, 71 NY2d 737, 747-748 [1988]). Respondents' reliance on *Matter of El-Roh Realty Corp.* (48 AD3d 1190 [2008]) is misplaced. In that case, the shareholders' agreement "prohibited the transfer of any shares, 'including, without limitation, transfers that are voluntary, involuntary, by operation of law or with or without valuable consideration' " (*id.* at 1191). A dissolution proceeding pursuant to Business Corporation Law § 1104-a, however, is an involuntary transfer (*see* § 1104-a [b]), and section 7 (a) of the Option Agreement does not prohibit involuntary transfers except as explicitly listed, e.g., through bankruptcy.

We therefore reverse the order insofar as appealed from, deny respondents' motion in its entirety, reinstate the petition, and remit the matter to Supreme Court to determine the fair value of petitioner's shares in compliance with Business Corporation Law § 1118. Present—Scudder, P.J., Centra, Carni, Sconiers and Pine, JJ.