Kavanagh, J.
*1452 “ ‘Construction of an unambiguous contract is a matter of law, and the intention of the parties may be gathered from the four corners of the instrument and should be enforced according to its terms’ ” (Matter of Stevens v Allied Bldrs., Inc., 74 AD3d 1757, 1758 [2010], quoting Beal Sav. Bank v Sommer, 8 NY3d 318, 324 [2007]; see Matter of Matco-Norca, Inc., 22 AD3d 495, 496 [2005]; Stern v Birnbaum, 206 AD2d 514, 515 [1994]; see also Rehberger v Richtberg, 295 AD2d 490, 491 [2002]; Walker & Zanger [W. Coast] v Zanger, 241 AD2d 345, 345 [1997]). Here, the shareholder’s agreement provides that “the methods of valuation set forth herein [are] the sole methods that will be used to value [the] [s]hares for all purposes.” Pursuant to the agreement, defendant was to purchase decedent’s shares at a purchase price “computed by determining the [a]djusted [b]ook [v]alue of the [defendant] . . . as of the date of death.” “ ‘Adjusted [b]ook [v]alue of [defendant]’ shall mean the amount computed by [defendant’s] business office in accordance with [defendant’s] regular accounting practices and approved by the Board of Directors.”
Prior to decedent’s death, it had been defendant’s practice to calculate the adjusted book value of its stock without accounting for accrued taxes as a liability, thus artificially inflating the value of its stock.[1] In 2006, the Adirondack Trust Company notified defendant that it would not renew defendant’s line of credit unless the firm’s financial statements were prepared and certified by an independent certified public accountant.[2] As a result, defendant and its board of directors approved a procedure whereby the firm’s financial statements would henceforth be prepared using generally accepted accounting principles and include deferred income tax as a liability on the balance sheet.[3] Thus, the calculation of $67.93 as the adjusted book value of a share of stock as of December 31, 2006 fully comported with this accounting practice, and the payment made for decedent’s shares complied with the terms of the shareholder’s agreement. Therefore, Surrogate’s Court properly dismissed plaintiff’s complaint and its order and judgment must be affirmed.
*1453 Plaintiffs remaining claims, to the extent not specifically addressed herein, have been considered and found to be without merit.
Peters, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order and judgment is affirmed, with costs.

. Prior to decedent’s death and before accrued tax liabilities were included in this calculation, the adjusted book value for each share of stock for the quarter ending in June 2006 was set at $146.23 and for the quarter ending in September 2006 was $153.26.

. Decedent, as president of defendant, was involved in the negotiations with the Adirondack Trust Company regarding the line of credit.

. It is agreed that prior to December 31, 2006, the regular accounting practices employed by defendant only included current liabilities and not deferred income taxes in calculating the adjusted book value of a share of stock.