PEOPLE ex rel. FAIRFIELD CHEM. CO. v. COLEMAN. 93.

First Department, March Term, 1889.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment affirmed and writ dismissed, without costs.

---

52 93<br>115a 178

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE FAIRFIELD CHEMICAL COMPANY, Respondent, v. MICHAEL COLEMAN and Others, Commissioners of Taxes, etc., Appellants.

*Assessment of a corporation for the purposes of taxation — deduction, from the assessment for personalty, of the value of real estate owned by it.*

The deduction which is to be made from the amount of the assessment for personal property against a corporation in this State, because of its ownership of real estate in another State, is to be measured by the actual value and not by the assessed value of such real estate.

Appeal from an order of the New York Special Term of December, 1888, reversing the action of the commissioners of assessment and taxation of New York city, upon a *certiorari* issued under chapter 269, of 1880, to review an assessment for the purpose of taxation for the year 1888, made in reference to the personal property of the relator.

*George S. Coleman*, for the appellants.

*William Man*, for the respondent.

Brady, J.:

It appears in this matter that the real estate of the respondent was situate in the town of Black Rock, near Bridgeport, in the State of Connecticut, and, indeed, all its personal property was there situate; the business place in this city being kept exclusively for the sale of the product of its chemical works.

The appellants, in estimating the amount which should be taxed, deducted from the real estate what was denominated its assessed value instead of its actual value, the difference between these values.

being very considerable. The learned justice in the court below determined upon the cases of the *People ex rel. The Twenty-third Street Railroad Company* v. *The Commissioners of Taxes, etc.* (95 N. Y., 554), and the *People ex rel. The Panama Railroad Company* v. *The Same* (104 id., 240) that the mode adopted by the appellants was erroneous, and in this conclusion he is undoubtedly sustained by the authorities mentioned. Whatever may be the result of a further consideration of the question, if there should be any other in the court of last resort, these adjudications declare the rule emphatically. The deduction made in the Panama case was of the actual value, and the court, per ANDREWS, J., in considering the propriety of that mode, said: "It is true that the deduction on account of the real estate is not, in terms, of the assessed value," and then suggesting that the legislature in directing a deduction of the assessed value of the real estate, doubtless, had primarily in view domestic corporations with real estate located here, said "but the assessed value of real estate is, in theory, its actual value, and where a corporation liable to taxation under the Laws of 1857 has real estate in another State or country, the just construction of the statute, as applied to a corporation so situated, requires that the deduction shall be measured by its actual value." And the case in 95 New York (*supra*), was quoted as sustaining such a rule.

It is thought by the counsel for the appellant that the question of the assessed value was not before that court, a proposition which cannot be sustained. Unless he means by that that the assessed value in figures was not mentioned. The difference between the assessed value and the actual value, and the application of the different modes suggested by these different valuations, was considered and applied. We do not purpose to enter into a discussion of the propriety of these decisions, but to apply them in all kindred cases as the learned justice in the court below did, and as we think properly. Indeed the order appealed from might very well be affirmed upon the opinion rendered in the court below.

Ordered accordingly; judgment affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.