The People ex rel. The Fairfield Chemical Company, Respondent, *v.* Michael Coleman et al., Commissioners, etc., Appellants.

Under the provisions of the act of 1857 (§ 3, chap. 456, Laws of 1857), providing for the assessment and taxation of the capital stock of certain corporations "after deducting the assessed value of its real estate," where a corporation liable to taxation owns real estate situate and assessed in another state, its assessed valuation, if shown, in the absence of other evidence, is sufficient evidence of actual value, and is the amount to be deducted.

*People ex rel. Twenty-third St. R. R. Co.* v. *Commissioners, etc.,* (95 N. Y. 554); *People ex rel. P. R. R. Co.* v. *Commissioners, etc.* (104 id. 240) distinguished.

The return to a writ of *certiorari* to review an assessment under the act, stated that there was deducted from the actual value of the capital stock of the relator, as fixed by defendants, the sum of $42,400 for real estate

owned by relator, situate in Connecticut, which was assessed at that amount. This averment was not contradicted. The affidavit upon which the writ was issued stated that the whole capital stock of the company, which was $150,000, was invested in real and personal property in Connecticut. In the statement filed by the relator with defendants, it was stated that the whole capital stock was issued in payment for said real estate. *Held*, that neither of these averments was equivalent to a statement that the actual value of the real estate was $150,000; and that the assessed value was properly taken by the assessors as the actual value.

*People ex rel.* v. *Coleman* (52 Hun, 93) reversed.

(Argued June 18, 1889; decided June 28, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made at the March Term, 1889, which affirmed an order of Special Term vacating an assessment made by defendants, the Commissioners of Taxes and Assessments of the city of New York, upon the capital stock of the relator.

The facts, so far as material, are stated in the opinion

*David J. Dean* for appellant. · Only the assessed value of real estate shall be deducted from the value of the capital stock. (Laws of 1857, chap: 456, § 3.) In the absence of ambiguity the plain and ordinary meaning of words should be adopted as expressing the intention of the law-maker, unless this would lead to false consequences and unjust decisions. (*People* v. *Comrs.*, 95 N. Y. 558, 559.) If the real estate should be in another state, or if, for any other reason, its assessed value cannot be obtained, then, as the best and nearest substitute for it, the price paid, as the presumed value in the absence of proof or any other standard, may be taken as the assessable value. (95 N. Y. 562.)

*William Man* for respondent. In carrying out the statute in regard to any domestic corporation whose realty is within this state, it is the assessed value that is to be deducted, but if its realty is in any other state or country, then the commissioners are to deduct, in taxing within this state its property,

the actual value of such foreign real estate, to be got at by the best evidence. (*People ex rel.* v. *Comrs.*, 104 N. Y. 240, 244; 95 id. 524, 562.)   The relator is entitled to have deducted so much of the value of its realty as will cancel the $75,000 of stock valuation. (*K. F. Ins. Co.* v. *Coleman*, 44 Hun, 410.)

Peckham, J. The statute (§ 3 of chap. 456 of the Laws of 1857) providing for the taxation of corporations, such as the relator, reads as follows: "The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment-roll, or shall have been exempted by law, together with its surplus profits or reserved funds exceeding ten per cent of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company, which are taxable upon their capital stock under the laws of this state, shall be assessed at its actual value and taxed in the same manner as the other personal and real estate of the county."

The sole question here is, whether there should be deducted from the actual value of the capital stock of the relator, fixed by defendants at the sum of $75,000, a sum which is said to be the assessed value of the real estate owned by relator, and situated in the state of Connecticut, or a sum which the counsel for the relator claims is shown to be its actual value ? The assessed value in Connecticut was $42,400, and the actual value at that time was claimed to be $150,000.

If the former sum be the true amount to be deducted from the value of the capital stock, a taxable balance is left of $32,600, while, if the larger sum be adopted as the true one, the result would be a cancellation of the assessment.

The statute under consideration, as has been stated in preceding cases, when speaking of the deduction of the assessed value of real estate, had primarily in contemplation real estate situated within this state.

It is claimed that the fixing of the amount of $42,400 as the assessed value of the real estate by the defendants cannot be justified, because the land is not within the state, and has no

assessed value here, and there was no evidence given that such sum was its actual value in Connecticut.

The return made by the defendants to the writ of *certiorari* states as a fact that the real estate was assessed at the amount named, $42,400. This, of course, means that it was assessed at that sum in Connecticut, as the land was situated in that state. It was not necessary to state the evidence upon which that allegation was based. The fact was stated, and it is wholly uncontradicted. Under the statute of 1884 the relator could have had a reference in regard to the fact if it had so desired. We can look at the return and can take such facts as are therein stated, and which are not questioned or denied, as the facts in the case.

That an assessment was made in Connecticut upon the real estate of the relator, and that the amount thereof was deducted from the value of the capital stock of the relator, are facts upon which the question of law arises herein.

The courts below have decided that the actual value of the real estate in Connecticut should have been deducted, and such deduction in their opinion led to the cancellation of the assessment. It was assumed that the assessed value in Connecticut was no evidence of the actual value of the real property. This result was based upon two cases in this court, which it was thought laid down the doctrine that in cases where the real estate of a corporation was situated outside of the state, the assessed valuation of that real estate was not the proper basis for the deduction from the value of the capital stock in this state. The cases referred to are *People ex rel. Twenty-third Street Railroad Company* v. *Commissioners, etc.* (95 N. Y. 554), and *People ex rel. Panama Railroad Company* v. *Same* (104 id. 240).

The case of the Twenty-third street Railroad does not decide the question, for in that case the real property was within this state. What was said by the learned judge, in the course of his opinion by way of illustration or argument, is not, however, favorable to the views taken in this case by the courts below. In the latter part of his opinion the learned judge assumes that

the assessed value of the real estate is to be deducted from the actual value of the capital stock, and he adds: "But if the real estate should be in another state or country, or if for any other reasons its assessed value *cannot be obtained*, then, as the best and nearest substitute for it, the price paid, as the presumed value in the absence of proof or of any other standard, may be taken as the assessable value." In the above opinion it is the failure to obtain knowledge of the assessed value of the real estate which is the main ground for taking some other standard for assessment. That failure it was assumed might arise if the real estate should be situated in some other state or country, but there was no assumption that, as matter of law, no such knowledge could be obtained. The implication is that if it, in fact, were obtained, then it was the proper amount to be deducted from the value of the stock, because, in the absence of other and more satisfactory evidence, it might be assumed to be the actual value of such real property.

The other case cited, that of the *Panama Railroad Company*, was one in which it appeared that the real estate of the corporation was situated in New Granada, and that it paid an annual sum in gross to that government in lieu of taxes on its real estate, immunities and personal property. In such case there could be no assessed value of the real estate, and, therefore, there was no such way to establish its actual value, and hence an inquiry might be made into the price paid for the real estate which, in the absence of better evidence, might be taken as representing the true value.

Where an assessment is made which states, and which is based upon, the value of real estate, in the absence of any other fact controlling it, the theory of such an assessment is that the assessed value of the real property is its actual value. This theory holds good in regard to an assessment of such a nature outside as well as within the state. And in regard to assessments of such a nature outside the state, they are to be regarded as some evidence of the actual value. It is not necessary in all cases to regard such assessments as conclusive when made outside of the state, and it may not always be necessary or practi-

cable to learn if there be any such assessment, but if it be known, then, in the absence of other evidence upon the subject, an assessed value is sufficient evidence of actual value for the taxing officers to act on. If there be other evidence the question is still one for such officers to decide, subject to review by the writ of *certiorari* under the act of 1880 as in other cases.

There is no evidence in this case that the assessed value is not the actual value of the Connecticut property. The affidavit upon which to procure the writ of *certiorari* does state that the whole capital stock of $150,000 is invested in real and *personal* property necessary for its business in the state of Connecticut, and in the statement filed by the relator with the commissioner of taxes it is stated that the whole capital stock was issued in payment of its real estate situated in the town of Black Rock in the state of Connecticut. Neither allegation is equivalent to a statement that the actual value of the real estate is $150,000.

Yet it has been assumed that the actual value was that sum because the whole capital stock amounting to such sum was issued in payment therefor. It may have been thus issued and the assessed value may still have been the actual value of the property. We think it should be so assumed.

To take the assessed value of real property in another state (where it is practicable and convenient to obtain such fact), as the actual value in the absence of some controlling circumstance which shows the contrary, is more apt to work substantial justice than any other mode.

The general purpose of statutes relating to assessments and taxation is to bring within their grasp all property at its actual value. When the real estate is within our own jurisdiction the assessed is regarded as the actual value thereof. Generally the same theory holds good in regard to real property which is situate without the state. If the real property of the relator were situate here the assessed value of the real property, $42,400, would, of course, be the sum to be deducted from the value of the capital stock even though $150,000 had been paid for such property. By the relator's contention it is to have the

benefit of a deduction of $150,000 from the value of its capital stock simply because its real property, which is the cause of the deduction, is situated in Connecticut, although it is only taxed there at a valuation upon such real estate of $42,400.   We think that sum may properly be assumed to be its value. Otherwise such a corporation is in a very much better position than one whose real property is held within our own state.   If the relator's real property were held here, and subjected to precisely the same assessment as it is, in fact, in Connecticut, it is not questioned but that the balance of its taxable property would be, as stated by the defendants, $32,600, yet, because of the simple fact that the real property is held just over our border and the same assessment is made, the resulting difference is that the relator has no taxable property.

This is not just.   The result is obtained by assuming that an assessed valuation in another state under a general tax law is no evidence upon which the taxing officers of this state can act, as to the actual value of such real estate.

We think it is some evidence, and enough to allow such officers to deduct the sum assessed as the actual value.   If other evidence is given, it is still a question for the assessors to determine the actual value, in which the assessed value may figure conspicuously.

The orders of the General and Special Terms should be reversed, and the assessment reinstated, with costs to the defendants in all courts.

All concur.

Orders reversed.