THE PEOPLE OF THE STATE OF NEW YORK and THE SUPERINTENDENT OF INSURANCE, Plaintiffs, *v.* THE RELIANCE MARINE INSURANCE COMPANY (Limited), Defendant.

*Foreign marine insurance companies — taxation upon premiums paid for reinsurance — exemption.*

A foreign marine insurance company, transacting business in the State of New York, is not exempted by chapter 276 of the Laws of 1885, from taxation upon premiums paid by it for reinsurance; that act, as appears by the provisions of chapter 489 of the Laws of 1879, of which it is amendatory, was intended to apply to fire insurance companies only.

A foreign marine insurance company transacting business in the State of New York, is entitled by virtue of section 22 of chapter 690 of the Laws of 1892, which act applies to all corporations authorized by law to make insurance, to exemption from taxation upon premiums paid by it for reinsurance in companies authorized to issue policies in this State after October 1, 1892, the date at which that act took effect; but the act is not retroactive, and does not relate to premiums paid for reinsurance prior to that date.

SUBMISSION of a controversy on an agreed statement of facts under section 1279 of the Code of Civil Procedure.

*Simon W. Rosendale, Attorney-General,* and *John W. Hogan, Deputy Attorney-General,* for the plaintiff.

*W. W. MacFarland,* for the defendant.

HERRICK, J. :

This is a submission of a controversy pursuant to section 1279 of the Code of Civil Procedure.

The defendant is a marine insurance company incorporated under the laws of Great Britain and Ireland, for the purpose of carrying on the business of marine insurance; it has a branch office in the city of New York, where it carries on such business under and pursuant to the laws of the State of New York.

For the year ending December 31, 1892, the premiums received by it, or agreed to be paid to it, upon insurances effected or procured in this State against marine losses and risks, was the sum of $193,570.17.

During the same year the defendant reinsured part of the risks taken for said premiums in domestic and foreign insurance corpora-

tions, authorized to issue policies in this State; the total amount of the premiums paid by it for such reinsurance was the sum of $48,482.88.

The amount paid for such reinsurance before the 1st day of October, 1892, was $43,207.40; the amount paid after the 1st day of October, 1892, was $5,275.48.

The net amount of premiums received by the defendant after deducting the amount paid for such reinsurance was the sum of $145,087.29.

The defendant has paid to the superintendent of insurance the tax of two per cent on such net amount, after deducting therefrom all other taxes paid the State, but refuses to pay a tax of two per cent on the sum of $48,482.88, the amount paid by it for reinsurance.

The plaintiff claims that the defendant is liable to pay the tax on the premiums received by it without any deductions for premiums paid for reinsurance.

It is conceded that the defendant is liable to pay the tax of two per cent upon all the premiums received by it upon insurance procured in this State, unless there is some exception, reservation or exemption in some of the statutes relative thereto.

Any rebate, deduction or exemption from taxation will not be presumed, but must be found plainly expressed in the statute. (*The People* v. *Commissioners of Taxes of New York*, 95 N. Y. 554.)

The defendant in its claim for exemption relies upon chapter 276 of the Laws of 1885, and section 22 of chapter 690 of the Laws of 1892. Chapter 276 of the Laws of 1885 provides that: "No credit of any kind shall be allowed or given either as a reduction of taxes or liabilities, to any company transacting business in this State for reinsurances made in companies not authorized to issue policies herein, and it shall be the duty of the Superintendent of the Insurance Department to require schedules of reinsurances to be filed by each company at the time of making its annual statement to said department."

The plain inference from this is that where reinsurance is made in corporations authorized to issue policies in this State, credit shall be given and allowed either as a reduction of taxes or liabilities; and that I understand has been the construction placed upon it by the insurance department of the State.

But the question arises as to whether corporations such as the defendant in this case come within the provisions of that act. Chapter 276 of the Laws of 1885 is an amendment of chapter 489 of the Laws of 1879, and must be construed as a part of that act.

The intention of the Legislature must be sought by joining the amendment with the act to which it is an addition, and considering the whole but as one act. (*The Matter of the Hudson City Savings Inst.*, 5 Hun, 612.) Interpreting the act of 1885 in that manner, I cannot see that it applies to foreign marine insurance companies.

The title of the act refers to fire insurance companies, and those only, and the different sections of the act refer to fire insurance companies. The sections preceding the one amended by the act of 1885, refer exclusively to fire insurance companies; and it is evident in considering the act as a whole, that it was intended to apply to fire insurance companies only. The defendant, I conclude, therefore, is not exempted by the act of 1885 from paying taxes upon premiums of reinsurance made by it.

Chapter 690 of the Laws of 1892, it is provided shall take effect October 1, 1892. (See § 293.)

By section 1, the provisions of that law are applicable to all corporations authorized by law to make insurance. The law, therefore, applies to the defendant.

Section 22 of the act of 1892, contains, in substance, a re-enactment of the provisions of chapter 276 of the Laws of 1885, and by virtue thereof, I think the defendant is entitled to exemption from taxation upon the amount paid by it for premiums for reinsurance paid after the 1st day of October, 1892. But the act cannot be held to relate to premiums paid for reinsurance prior to October 1, 1892.

There is nothing in the act to show that the Legislature intended that it should be retroactive, and in the absence of any such expressed intent, it must be construed as referring to the future only. (*Matter of the D. & H. C. Co.*, 129 N. Y. 105.)

I am of the opinion, therefore, that the defendant, for the purposes of taxation, is entitled to have deducted from the gross amount of the premiums received by it during the year 1892, the amount of premiums paid by it for reinsurance after October 1, 1892, and that the plaintiff is entitled to have judgment against the defendant for

the sum of $864.14, being two per cent upon the sum of $43,207.40, the amount of premiums paid by it for reinsurance prior to October 1, 1892. Let judgment be entered accordingly.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment for the People for the sum of $864.14.