## Oneida County Court.

November, 1897.

### PEOPLE v. JOSEPH LOVELL.

1. JUSTICES OF PEACE—INCORPORATED VILLAGES.

> Any justice of the peace of the town of Augusta has, until the office of police justice is established in the village of Oriskany Falls, jurisdiction to hear, try and determine charges of misdemeanor committed in said village.

APPEAL from judgment, convicting defendant before one of the justices of the peace of the town of Augusta of cruelty to animals, committed within the corporate limits of the village of Oriskany Falls.

L. P. Fuess, for appellant.

G. S. Klock, District Attorney, and C. M. Wickwire, for the People.

DUNMORE, J.—The defendant's contention is that the provision of the village law (section 182, c. 414, Laws 1897) which confers exclusive jurisdiction upon the police justice of an incorporated village to hear, try, and determine charges of misdemeanor committed within such village, etc., takes away the jurisdiction of any justice of the peace of the town in which the village is located, to hear, try, and determine such charges of misdemeanor. Defendant contends that this is so even if the office of police justice has not been established in such village. He contends that until proceedings are taken, pursuant to section 50 of said law, to establish the office of police justice, and such officer elected or appointed, there is no way provided by law for the punishment of misdemeanors committed in such village. I do not so construe the statute. Section 50 provides that a village may establish the office of police justice by adopting a proposition therefor. It also provides that a village in which the office has been estabished may abolish such office at an annual election. The statute therefore makes it optional with a village whether it will or will not have the office of police

justice. The provision (section 182) which confers exclusive jurisdiction upon the police justice of the village clearly means that, when there is such an office created in a village, the incumbent shall have exclusive jurisdiction, etc. It does not mean that exclusive jurisdiction is conferred upon a police justice when there is none, and when there is no such office in existence.

The defendant asks us to hold that this statute has taken the jurisdiction from the justice of the peace of the town of Augusta to hear and determine charges of misdemeanor committed within the village of Oriskany Falls, and placed it nowhere. Such a construction would be absurd. In construing statutes, the legislative purpose and object aimed at are to be borne in mind, and susceptible of more than one construction is to receive that which will bring it into harmony with such object and purpose, rather than that which will tend to defeat it. 23 Am. & Eng. Enc. Law, 319, and cases cited. It is the object of all interpretation and construction of statutes to ascertain the intention of the law makers. People v. Commissioners of Taxes, 95 N. Y. 558. A construction of a statute which leads to an absurd consequence must always be avoided, as an absurd purpose is not to be attributed to the lawmakers. Com. v. Kimball, 24 Pick. 370. There is a presumption against an intention on the part of the legislature to oust courts of their jurisdiction, and any construction leading to such a result is to be avoided if possible. 23 Am. & Eng. Enc. Law, 353, and cases cited. These statutes were enacted to provide a way to punish offenders, and to construe the statutes in such a way as to defeat their enforcement in the village of Oriskany Falls is to construe them contrary to the purpose and intent of the legislature. They are not necessarily in conflict, and should be so construed as to give full force to them both. For the reasons given above, I am of the opinion that, until the office of police justice is established in the village of Oriskany Falls, any justice of the peace of the town of Augusta has jurisdiction to hear, try, and determine charges of misdemeanor committed in said village. The judgment of conviction is therefore affirmed.

Judgment affirmed.