(33 Misc. Rep. 712.)

PEOPLE ex rel. SALVATION ARMY v. FEITNER et al.

(Supreme Court, Special Term, New York County. January, 1901.)

TAXATION—EXEMPTION—RELIGIOUS CORPORATIONS—SALE OF MERCHANDISE.
    Where the charter of the Salvation Army empowered the corporation to sell musical instruments, uniforms, badges, and any of the articles, goods, and appliances required by the army, and exempted its property used for the purposes for which the corporation was organized from taxation, a building used by the corporation for the sale of its books, dry goods, and uniforms was used for such purposes, and hence was exempt from taxation.

Certiorari by the Salvation Army against Thomas L. Feitner and others to review action of tax commissioners in assessing tax on relator's property. Assessment canceled.

Benjamin F. Tracy, for relator.

John Whalen, Corp. Counsel, and A. T. Campbell, Jr., and James M. Ward, Asst. Corp. Counsel, for respondents.

McADAM, J. The relator, by this proceeding against the defendants, constituting the board and commissioners of taxes and assessments of the city of New York, seeks to review by certiorari an assessment upon the assessment rolls of the city of New York for taxes for the year 1900 upon two parcels of real property, at the sum of $16,000 on No. 316 East Fifteenth street, and $18,000 on Nos. 120 to 124 West Fourteenth street. It appears by the return that the assessment on the premises No. 316 East Fifteenth street was made inadvertently, and that the same should be canceled, so that to this extent the relator is concededly entitled to an order directing the cancellation of said assessment. The defendants, by said return, claim that the assessment levied upon the premises Nos. 120 to 124 West Fourteenth street was a lawful exercise of power, because, as they allege, said premises were not used exclusively for the purposes for which the relator was organized, in that the ground floor of the building was used as a salesroom for the sale of books, dry goods, and uniforms, and other purposes foreign to those expressed in the act incorporating the relator. It is provided by said special act of incorporation (Laws 1899, c. 468, § 8) that:

"The Salvation Army shall have power, in furtherance of its religious, charitable, missionary and educational work, to own and conduct a printing and publishing business, the business of manufacturing or buying and selling musical instruments, the business of manufacturing or buying and selling uniforms and badges for the use of the officers and soldiers of the Salvation Army, and shall have power to manufacture, buy or sell any of the articles, goods and appliances required by the Salvation Army: provided, however, that

no officer, member or employee of said corporation shall receive, or may be lawfully entitled to receive, any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes, or as proper beneficiaries of its strictly charitable purposes: and provided, furthermore, that all the proceeds of said business shall be devoted to the religious, charitable, educational or missionary purposes of the Salvation Army."

Section 11 of the same act provides that:

"The property of the Salvation Army, both real and personal, within this state, shall be exempt from taxation, to the extent that, and so long as, the same shall be used exclusively for places of religious meetings, homes for the training of its officers, homes for the rescue of fallen women, shelters for the poor, hospitals, places of rest and recuperation for the sick and convalescent, children's homes and homes for the aged poor of its membership or congregation or of the public generally."

The state, in the exercise of its discretion, determined that the property of the Salvation Army should be exempt from taxation, and at the same time that it might engage in a business incidental to its religious work; the proceeds to be devoted to its religious, charitable, educational, and missionary purposes. It is a legitimate inference that the legislative intent was to exempt from taxation the property used for such authorized incidental business of the relator. This despite the fact that statutes exempting property from general taxation must be strictly construed against the property holder, and if the exemption is not plainly expressed it may not be presumed (People v. Commissioners of Taxes of New York, 95 N. Y. 554; People v. Davenport, 91 N. Y. 574; People v. Cook, 148 U. S. 397, 13 Sup. Ct. 645, 37 L. Ed. 498; New Orleans R. Co. v. New Orleans, 143 U. S. 192, 12 Sup. Ct. 406, 36 L. Ed. 121; Winona & St. P. Land Co. v. Minnesota, 159 U. S. 526, 16 Sup. Ct. 83, 40 L. Ed. 252); and that this rule applies to religious and charitable corporations (Church of St. Monica v. Mayor, etc., of City of New York, 119 N. Y. 91, 23 N. E. 294; Catlin v. Trustees, 113 N. Y. 133, 20 N. E. 864; Roosevelt Hospital v. Mayor, etc., of City of New York, 84 N. Y. 108; Buffalo City Cemetery v. City of Buffalo, 46 N. Y. 506). The act of incorporation embraces one general scheme, and the whole statute is to be construed by giving effect to each part thereof. End. Interp. St. § 23; Potter, Dwar. St. p. 188; Peck v. Jenness, 7 How. 612, 12 L. Ed. 841. It is held in People v. Sayles, 32 App. Div. 197, 53 N. Y. Supp. 65, affirmed in 157 N. Y. 677, 51 N. E. 1092, that where a corporation organized exclusively for the purpose of promoting benevolent and charitable purposes has erected a building, of which a portion is used for the purposes of a public library, while the remainder, consisting of a spacious and elaborately constructed theater or hall, suitable for public meetings, exhibitions and entertainments, is leased at fixed rates of rental and used for such purposes only, the income being devoted exclusively to purposes of the library, it is liable to taxation upon such real estate to the extent of the value of that part thereof used for such theater purposes. That decision, however, was based upon the fact that the property was not used exclusively for the purpose of the incorporation, but that the main part thereof was being permanently used for a purpose for-

eign thereto, and is plainly distinguishable from this case, for here the relator uses its property exclusively in the manner and to the extent authorized by the act of incorporation. In Sharrai Berocho v. Mayor, etc., of City of New York, 60 N. Y. Super. Ct. R. 479, 18 N. Y. Supp. 792, the question involved was whether or not the premises were exclusively used for the purpose of public worship, within the meaning of the statute exempting such property from taxation. The tax authorities claimed that the premises were not so exclusively used, because part of the top floor was occupied by the janitor of the church for residential purposes. The court held that the janitor had no proprietary interest or estate in the premises, was removable at will, and continued there simply because his presence was required by night as well as by day as a caretaker of the property; that the position of janitor was merely incidental to the business of the corporation; and that his presence on or absence from the premises in no degree or manner affected the right of exemption from taxes on the property if otherwise it was exempt therefrom.

The determination of the defendants must be reversed, and the assessment canceled, with costs.