.(35 Misc. Rep. 140.)

### LUMBARD v. GRANT et al.

(Supreme Court, Special Term, New York County.　May, 1901.)

UNINCORPORATED ASSOCIATION—ACTS OF MEMBER—TRUST—AGENCY.

Where a member of an unincorporated club renews in his own name and for his own benefit a lease of ground which the club had held as tenant at sufferance without payment of rent, an action to have the lease claimed by such person impressed with a trust in behalf of the plaintiff, an officer of the association, or else to have it adjudged that the defendant acted as plaintiff's agent in procuring the lease, will not lie.

Action by Joseph E. Lumbard, treasurer, against Louis J. Grant and Robert T. Bryan.　Demurrer to complaint sustained.

Mooney & Shipman (Andrew J. Shipman, of counsel), for plaintiff. Kellogg & Beckwith, for defendants.

ANDREWS, J.　This is a demurrer on the part of both defendants to plaintiff's complaint on the grounds (1) that the complaint does not state facts sufficient to constitute a cause of action; and (2) that the plaintiff has not legal capacity to sue.　The plaintiff is seeking through this action to have a certain lease claimed to be possessed by one or other of the defendants impressed with a trust in favor of the plaintiff, or else to have it adjudged that the defendant Grant acted as plaintiff's agent in procuring said lease.　The relief asked is—First, that the said lease be declared to be the property of the plaintiff; and, second, that defendants be required to assign the same to the plaintiff.　The material allegations of the complaint are as follows:　For the past 10 or 12 years there has been in the Harlem section of this city an unincorporated association or club known as the "Lenox Tennis Club," of which the plaintiff, Lumbard, was, at the commencement of this action, the treasurer; that during this club's existence it has used and occupied as a tennis ground a plot of land at 123d street and Manhattan avenue, the nature of the tenure of the club being that of sufferance by the owner, unaccompanied by the reservation or payment of any rent; that two years since the defendant Grant became a member of the plaintiff's club, and that prior to March 1st said defendant and others organized another tennis club in Harlem, consisting largely of members of the Lenox Tennis Club, and that about the same time said defendant Grant obtained from the owner of the grounds in dispute a written lease in his own name for a period of one year, from March 1, 1901; that the new club, which is known as the "New York Lawn Tennis Club," is the co-defendant in this action; and that the defendant Grant threatens to turn over to the said new club the lease in question. The claim on behalf of the plaintiff is that the relations of the defendant Grant to the Lenox Tennis Club were such that, in procuring this lease, he must be regarded as having acted as the plaintiff's agent, and that he holds the lease as trustee for the plaintiff.　The main reliance of the plaintiff for support of his claim appears to be the well-known case of Mitchell v. Reed, 61 N. Y. 123, 19 Am. Rep. 252. In that case, however, the plaintiff and defendant were partners, holding the Hoffman House property under a written lease, for a fixed term, at a reserved rent, and the case was decided upon the theory that the partner who procured a renewal of the lease must

be regarded as having acted as the agent of the other. The facts in the case at bar are entirely dissimilar, and that case does not, therefore, apply. The defendant Grant was not an officer of the plaintiff club, nor was he a partner with the other members of the club. In Lafond v. Deems, 81 N. Y. 514, the court used the following language: "Nor are the plaintiffs entitled to the relief claimed upon the ground that the members of the society were co-partners. Associations of this description are not usually partnerships. * * * The purpose is not business, trade, or profit, but benefit and protection of its members, as provided for in its constitution and by-laws. In accordance with well-established rules, no partnership exists under such circumstances." In Ostrom v. Greene, 161 N. Y. 361, 55 N. E. 919, speaking of an unincorporated club or association, the court used the following language: "Neither did its members possess the powers or share the responsibilities of co-partners in all respects, for one was not presumed to be the agent of all, the death of one did not dissolve the association, and no member was liable to a creditor unless in some way he assented to the contract creating the liability." In Georgeson v. Caffrey, 71 Hun, 477, 24 N. Y. Supp. 973, in speaking of a voluntary association or club, the court said: "As between the members no partnership existed, for there was no agreement, express or implied, to that effect. See Lafond v. Deems, 81 N. Y. 514. The failure to incorporate did not make the members partners. Bank v. Pendleton (Sup.) 9 N. Y. Supp. 46, and cases cited, affirmed sub nom. Bank v. Kirby, 129 N. Y. 662, 30 N. E. 65." The case of Wells v. Gates, 18 Barb. 554, cited by the plaintiff, is not an authority in his favor. There 75 persons agreed in writing to form an association for the purpose of establishing a newspaper. They appointed three persons as managers, authorizing them, when sufficient capital should be subscribed and paid in or secured, to establish and conduct a paper for the benefit of the stockholders. In an action brought against the individuals composing the association to recover for articles necessary in carrying on the business, purchased by the agents, it was merely held that the defendants were liable as partners. In McMahon v. Rauhr, 47 N. Y. 70, the court said: "The parties to this action are members, with other persons of a voluntary association not incorporated. The object of the association is innocent pleasure, and not trade, business, adventure, or profit. It is not strictly a co-partnership, for it does not in its objects fall within the definition of one. But the rights of the associates in the property, and the modes of enforcing them, are not materially different from those of partners in partnership property." Neither of these cases, however, nor any of the others cited by the learned counsel for the plaintiff, appear to me to support the contention that the defendant Grant, in taking the lease in question, must be regarded as a partner of the other members of the association, nor as having acted as their agents in procuring such lease. I am inclined to think that the complaint is also demurrable upon the ground that the plaintiff does not state that he was authorized to bring this action. But, as I am of the opinion that the complaint does not state a cause of action, it is not necessary to consider this ground of demurrer. The demurrer

will be sustained, with leave to the plaintiff to amend, if he should see fit to do so, on payment of costs.

Demurrer sustained, with leave to plaintiff to amend on payment of costs.