Mary H. Kollman, as Administratrix, etc., of Wilhelmina Kollman, Deceased, Respondent, v. Bernard Naughton and Daniel F. Mc-Mahon, Appellants.— Judgment and order affirmed, with costs. No opinion.

William R. Ware, Appellant, v. Isabel K. Dos Passos, as Executrix, etc., of Benjamin F. Dos Passos, Deceased, and Robert C. Embree, Respondents.— Judgment and order affirmed, with costs. No opinion.

Henry B. McDowell, Respondent, v. John Brooks, Appellant.— Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and answer on payment of costs in this court and in the court below. No opinion.

William H. Dowe and Clifford W. Hartridge, Plaintiffs, v. The Cobre Grande Copper Company and Others, Defendants, Impleaded with Southern Pacific Company, Respondent; Hugh J. Grant, Receiver of the Cobre Grande Copper Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Harry Griffiths, an Infant, by Henry W. Griffiths, his Guardian ad Litem, Respondent, v. Metropolitan Street Railway Company, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Christian H. Schultheis, Appellant, v. Leopold Schepp, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Heloise D. Rose, Respondent, v. William W. Durant, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Charles Eberhardt, Appellant, v. Johanna Eberhardt, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion.

William A. Brady, Respondent, v. James C. Kennedy and Patrick T. Powers. Appellants, Impleaded with Another.— Order affirmed, with ten dollars costs and disbursements. No opinion.

Carmine Vitolo v. Bee Publishing Company.— Motion granted; questions to be settled on settlement of order.

In the Matter of Armory Site, etc.— See memorandum.

John Haven and Another v. The Mayor, etc.— Motion denied, with ten dollars costs.

E. Martin Black v. William K. Vanderbilt and Others.— Motion denied.

William Csatlos v. Metropolitan Street Railway Company.— Motion denied.

The People of the State of New York v. John D. Herlihy.— Motion denied. Memorandum per curiam.

In the Matter of the Transfer Tax upon the Estate of Timothy B. Blackstone, Deceased. Comptroller of the City of New York, Appellant; Isabella F. Blackstone, Individually and as Executrix, etc., of Timothy B. Blackstone, Deceased, Respondent.— Motion denied.

In the Matter of William Campbell.— Motion denied.

Benjamin L. M. Bates v. Frederick Holbrook and Others.— Motion granted on applicant giving a bond of $20,000.

Joseph E. Lumbard, as Treasurer of the Lenox Tennis Club, Appellant, v. Louis J. Grant, and Robert T. Bryan as President of the New York Tennis Club, Respondents.— Judgment affirmed, with costs, on opinion of court below. (Reported in 35 Misc. Rep. 140.)

The People of the State of New York ex rel. the Salvation Army, Respondent, v. Thomas L. Feitner and Others, Commissioners of Taxes and Assessments of the City of New York, Appellants.— Order affirmed, with ten dollars costs and disbursements, on opinion of court below. (Reported in 33 Misc. Rep. 712.)

John Y. Collins, Appellant, v. The American News Company and Others, Respondents.— Judgment affirmed, with costs, on opinion of court below. (Reported in 34 Misc. Rep. 260.)

---

## SECOND DEPARTMENT, JANUARY TERM, 1902.

Clement B. Newkirk, Respondent, v. National Wall Paper Company, Appellant.— Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.— Appeal by the defendant from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, entered on the 21st day of August, 1901, upon the verdict of a jury in favor of the plaintiff.—

WILLARD BARTLETT, J.: For about eight years prior to the 1st day of July, 1900, the plaintiff was employed as a salesman by the defendant, under yearly contracts, in writing, executed, by the express authority of the defendant's board of directors, by George C. V. Brand, who was himself a member of the board of directors, and who, in signing the contract, described himself as manager of the Warren Fuller & Co. Branch of the defendant's business. In April, 1900, the plaintiff spoke to Mr. Brand about a new contract, asking him if the National Wall Paper Company was offering the salesmen a new contract. Mr. Brand responded that he had heard nothing from the company concerning a new contract. Plaintiff responded: "I presume if they don't need our services they will let a fellow know." Mr. Brand does not appear to have made any answer to this remark. The plaintiff's employment, under his written contract with the defendant, expired by the terms of that agreement on the last day of June, 1900. About this time the plaintiff became acquainted with reports to the effect that the National Wall Paper Company was about to give up business and that Mr. Brand contemplated a purchase of the Warren Fuller & Co. branch of the enterprise. Mr. Brand informed him that if he succeeded in these negotiations and his new company acquired the plant, he would continue plaintiff in the employment of the new company as a salesman, and would pay him from the first day of July. Notwithstanding this interview, plaintiff claims to have gone on working for the National Wall Paper Company and rendering services similar to those which he rendered under his written contract, until early in September, when he was notified that the plant was to be closed. In this suit he sought to recover $500 as the reasonable value of his services. The jury awarded him $250, and the defendant has appealed. The principal issue on the trial related to the apparent authority of Mr. Brand to employ the plaintiff after the termination of his written contract. I have read the stenographer's minutes of the trial with care, and I am strongly inclined to think that the verdict was against the weight of evidence. In my opinion, the