OPINION OF THE COURT
Timothy J. Sullivan, J.
This is a CPLR article 78 proceeding to review a determination of the respondents which denied a real property tax exemption for the Salvation Army Thrift Shop located at 110 North Main Street, Port Chester, New York. The subject property is listed on the tax assessment map as Section 2, Block 61, Lots 12A and 12B.
Petitioner purchased the subject property on October 29, 1976. On January 31,1977, the Salvation Army applied to the respondent assessor for an exemption which was denied by letter dated September 13, 1977. The letter, Exhibit 1C in evidence was addressed to petitioner’s attorneys and read as follows:
“In reply to your letter of September 12th, in reference to the above captioned property, owned by the Salvation *1037 Army, please be advised that your application for exemption has been denied.
“We are forwarding a copy of this letter together with your letter to our attorney, Mr. Milton Berner, 812 The Parkway, Mamaroneck, N.Y., 10543, asking him to inform you in more detail.
“Very truly yours,
“Salvatore J. Rollo, Assessor”
Thereafter, petitioner’s counsel sent letters to Mr. Berner dated October 14, 1977 (Exhibit ID in evidence), December 5,1977 (Exhibit IE in evidence), February 28,1978 (Exhibit 1G in evidence) and April 6, 1978 (Exhibit 1H in evidence) regarding a reconsideration of the denial. There is no evidence that there was any response until Mr. Berner replied by letter dated April 10,1978 (Exhibit II in evidence). That letter recited the September 13,1977 letter from Mr. Rollo to counsel, and went on to recite:
“Thereafter, you made me aware, as Town Attorney that exemptions had been granted in other communities.
“I took the matter up with the Assessor for the Town of Rye. I also discussed the matter with other Town Officials and they agreed to support the decision of the Town Assessor. ..
“I regret that this must be our position, but we must protect the tax base and merchants in the community.”
Before getting into the merits of this proceeding, the court has been presented with a threshold issue as to the timeliness of the article 78 petition. Respondents contend that this proceeding was not commenced until May 17, 1978 and that the four-month Statute of Limitations applicable to article 78 proceedings expired four months after the September 13, 1977 denial expressed by Mr. Rollo’s letter. Petitioner contends that the Statute of Limitations did not start to run until April 10, 1978 when Mr. Berner, the Town Attorney, conveyed the denial after what petitioner contends was a reconsideration of its application.
*1038 On the basis of the exhibits heretofore referred to, this court holds that the proceeding was timely commenced. The fact that the September 13, 1977 letter from the assessor indicated that “more detail” would be provided by the Town Attorney, together with the subsequent correspondence and finally the letter from Mr. Berner confirming that he had indeed taken the matter up not only with the assessor but also with other unnamed town officials, clearly indicates that the question of whether or not an exemption would be granted petitioner was still open and the denial was not finalized until April 10, 1978 when the Town Attorney finally responded explaining in some detail the reasons for the denial, which was, again, after he “took the matter up” with the assessor and other town officials. As was stated by the New York Court of Appeals in Matter of Castaways Motel v Schuyler (24 NY2d 120, 126-127): “The burden was put on the public body to make it clear what was or what was not its determination *** the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court.”
At this point, the court notes for the purpose of making the record clear, that respondents also objected to the form of this proceeding, contending that article 78 was not the proper method of review. That objection was withdrawn, posttrial, by letter from respondents’ counsel to the court dated February 27, 1980, on the basis of the holding in Matter of Faith Church of God Full Gospel Mission v Gingold (54 Misc 2d 296).
That brings us to a discussion of the merits of petitioner’s claim. The Salvation Army is a religious and charitable corporation organized and existing pursuant to chapter 468 of the Laws of 1899 of the State of New York (Act of Incorporation). Section 11 of said enactment provides for an exemption from taxation of real ¿nd personal property of the Salvation Army when used exclusively for certain enumerated purposes, which purposes do not include the use at issue in this proceeding. All other property of the petitioner, the statute continues, “shall be entitled to the exemptions from taxation provided for by subdivision *1039 seven of section four of the tax law”. (Now Real Property Tax Law, §421.)
Under section 421 (subd 1, par [a]), there are two requirements for exemption: The property must be owned by a corporation or association organized or conducted exclusively for certain specified exempt purposes, and the property must be used exclusively for the exempt purposes. Respondents concede the first of these requirements and contest the second, contending that a thrift shop operation is outside the scope of authorized exempt, activities set forth in the 1899 Act of Incorporation.
Section 8 of the Act of Incorporation sets forth the business which the Salvation Army may conduct in furtherance of its charitable work. It provides that: “The Salvation Army shall have power, in furtherance of its religious, charitable, missionary and educational work, to own and conduct a printing and publishing business, the business of manufacturing or buying and selling musical instruments, the business of manufacturing or buying and selling uniforms and badges for the use of the officers and soldiers of the Salvation Army, and shall have power to manufacture, buy or sell any of the articles, goods and appliances required by the Salvation Army *** provided, furthermore, that all the proceeds of said business shall be devoted to the religious, charitable, educational or missionary purposes of the Salvation Army.” (Emphasis added by court.)
Respondents place heavy emphasis on this section of the enabling legislation, but ignore the portion to which emphasis has been added by the court.
At the trial, Major Ralph Leiden of the Salvation Army testified on behalf of petitioner. He testified that he was in charge of administration of the Salvation Army Rehabilitation Center in Mount Vernon, New York, and described in detail the staffing and work of the rehabilitation center and its relationship with the various thrift shops operated by the petitioner. He testified that the men’s center is financed entirely by donations from the general public; that the donations (used clothing, furniture, appliances, bicycles) are picked up by trucks, brought back to the *1040 center, sorted, repaired by occupants of the center and what is usable is then sold through the five Salvation Army Thrift Shops in Westchester County. (Only the Port Chester Thrift Shop is the subject of this proceeding, the other four shops having been granted exemptions by their respective municipalities.)
On these facts, respondents assert that petitioner is not exempt because the enabling legislation quoted above limits petitioner to selling musical instruments, uniforms and badges for the use of the soldiers and officers of petitioner, and does not permit an extension of exemption to its business activities to include selling other merchandise to the general public. In support of this position, respondents rely on People ex rel. Salvation Army v Feitner (33 Misc 712, affd 68 App Div 639), a case also relied upon by petitioner. Respondents’ counsel has provided the court with a copy of the record on appeal in this case, which was decided in Supreme Court, New York County, in January, 1901 and affirmed without opinion. In Feitner, the petitioner was granted an exemption for real property utilized as a sales place for the sale of books, uniforms, musical instruments and related items. Evidently the two differences between Feitner and this thrift shop operation are that Feitner was limited to those items specifically set forth in the statute, and sales were not made to the general public. Respondents urge a strict interpretation which would not permit sales to the public or sales of anything other than uniforms, badges and musical instruments.
The court does not find the enabling act so restrictive. It provides that petitioner shall have, in addition to having the power to manufacture and sell those items, the power to “manufacture, buy or sell any of the articles, goods and appliances required by the Salvation Army”. Major Leiden’s testimony established to this court’s satisfaction that the sales to the public at its thrift shops are indeed necessary and “required” by the petitioner to finance its exempt activities, within the meaning of section 8 of chapter 468 of the Laws of 1899. Furthermore, not only does the sale of used merchandise provide the required funding for petitioner’s exempt purposes, but it also has considerable importance by providing rehabilitation opportunities as de *1041 scribed by Major Leiden: it provides work therapy at the store, where unfortunate homeless men assist with the shopkeeping, in addition to the work therapy involved in collecting, sorting and repairing the donated merchandise at the Mount Vernon shelter.
The cases cited by respondents in their posttrial brief are distinguishable from the facts herein, in view of the specific legislative enactment involved in this case, authorizing activities described therein and interpreted by this court.
Counsel for petitioner and special counsel for the respondents are commended for their thorough research and presentations made on behalf of their respective clients. For the reasons contained herein, the petition is granted and respondents are directed to grant a real property tax exemption to the subject property.